(74 Misc. Rep. 420.)

### FOSTER et al. v. HUDSON WRECKING & LUMBER CO.

(Supreme Court, Appellate Term. December 22, 1911.).

1. APPEAL AND ERROR (§ 671*)—REVIEW.

The court on appeal will not consider objections and criticism of a general nature, not borne out by the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

2. SALES (§ 417*)—ASSESSMENT—COMPUTATION.

To sustain a judgment in an action for damages from a breach of a contract by which the plaintiff would have secured certain material from a wrecked building, the evidence must show the quantity of material which the plaintiff would have secured and the difference between the market and the contract price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1173; Dec. Dig. § 417.*]

3. EVIDENCE (§ 555*)—EXPERT OPINION—HYPOTHETICAL BASIS—NECESSITY.

To render admissible the opinion of an expert witness, the court must have before it, in some form, a statement of the facts upon which the opinion is based, so that, in an action for damages from a breach of a contract by which the plaintiff would have secured pipes and valves from a building being wrecked, opinions of the plaintiff and other dealers in building materials that they went into a cellar of the building and saw some pipes there, and therefrom estimated the whole amount probably in the building, without testifying as to what they saw in the cellar, is insufficient to render their estimate proper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2376; Dec. Dig. § 555.*]

4. SALES (§ 416*)—ASSESSMENT—BREACH OF CONTRACT—MARKET VALUE.

In an action for damages from a breach of a contract to sell to the plaintiff all the pipes and valves in a building in the course of demolition, evidence as to the price the plaintiff could obtain for such material in a special market of his own was improper, since the amount of damages on such a breach must be based on the general market price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1171, 1172; Dec. Dig. § 416.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Arthur E. Foster and another against the Hudson Wrecking & Lumber Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Burnstine & Geist, for appellant.
William Hauser, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. ˙The plaintiffs have, in my opinion, shown that the defendant entered into a contract with the plaintiffs by which the plaintiffs would have secured pipes and valves from a building in the course of destruction if the defendant had fully carried out its contract. They have shown, further, part performance of the contract sufficient to take it out of the statute of frauds, if that statute ever applied. While there are, perhaps, technical errors in the case, I think that, were there any sufficient proof of damages, the judgment should be sustained.

[1] Certainly, in spite of general criticisms in the appellant's brief of a nature too frequently found in briefs submitted to us, the record shows that the trial justice carefully and patiently tried the case, and ruled courteously and promptly on all objections properly presented, and such general criticisms should receive neither consideration nor support from this court. I believe that we should point out as forcibly as possible to attorneys who come before us that we will carefully consider all criticism of the record presented to us, but we will not consider and strongly object to all criticism of a general nature not borne out by the record.

[2] The only error of importance in the record is in regard to the proof of damages; but I think that this error leaves no substantial basis upon which the judgment can stand. The evidence of damage must present two features: First, there must be some evidence upon ˙which a reasonable estimate may be formed as to the quantity of material which the plaintiff would have secured if the defendant had complied with its contract; second, there must be evidence of the difference between the market price of this material and the cost price under the contract. In other words, the plaintiff must show what material he would have received and the loss sustained by him in failing to receive it.

[3] Upon the first point the only evidence is that given by the plaintiff and other dealers in building materials that they went into a cellar and saw some pipes exposed there, and from that estimated the whole amount probably in the building. It may be that experts who examine a building in this way can with reasonable precision make such an estimate. Expert testimony is, however, useless and improper, unless the court has knowledge of the facts upon which the opinion is based. If these expert witnesses had testified as to what they saw in the cellar, it would be possible to find out whether their "opinion" had any sufficient basis. In the present case, however, it was apparently mere guesswork. In fact, one of the witnesses could not apparently even remember what he saw in the cellar, but only the estimate he had made when he went into the cellar. In the recent case of Weibert v. Hanan, 202 N. Y. 328, at page 331, 95 N. E. 688, the court held:

"It is a general rule in regard to the opinion evidence of experts that the facts upon which the opinion of the witness is founded must be laid before the trial court, either by assuming them in a hypothetical question or by the testimony of the expert himself, if he has observed them."

The failure to follow this rule vitiates the expert's opinion evidence, and leaves no basis upon which the amount of material may be estimated.

[4] Upon the proof of the difference between the market and the cost price, the evidence admitted was also erroneous. The plaintiff testified that he had a special market in which he sold material of this kind for a higher price than rules in the general market, and the trial justice based the damages upon the higher price. The market price which determines the plaintiffs' loss is the general market price at which they could have bought this material. The special market price at which the plaintiffs can sell would determine their loss of profits only, and loss of profits cannot be shown as general damages.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.